968 F.2d 1226
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Norma SOSA, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 92-3041.
 United States Court of Appeals, Federal Circuit.
 May 11, 1992.
 
 Before ARCHER, LOURIE and CLEVENGER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 
 1
 Petitioner Norma Sosa seeks review of the decision of the Merit Systems Protection Board (board), Docket No. ATO7529110188, which sustained the decision of the Immigration and Naturalization Service (INS) to terminate Ms. Sosa's employment for falsification of form SF-86 "Security Investigation Data for Sensitive Position." We affirm.
 
 
 2
 Ms. Sosa answered "no" to question 18 of SF-86 which asked:
 
 
 3
 Have you ever been arrested, taken into custody, held for investigation or questioning, or charged by any law enforcement authority?
 
 
 4
 She had in fact been arrested by Canadian customs officials a few years before when she and two friends had attempted to cross the border. The Canadian officials found one pound of cocaine in the possession of one of the friends who was driving the car. Ms. Sosa was arrested, charged with possession of and trafficking in narcotics and held in jail for 21 days before being released on a $13,000 cash bond. The charges against Ms. Sosa, however, were eventually dropped.
 
 
 5
 The board was required to decide whether this falsification was intentional and, if so, whether the penalty imposed by the agency was reasonable. See Naekel v. Department of Transportation, 782 F.2d 975, 977 (Fed.Cir.1986). Based on the testimony of witnesses, including Ms. Sosa, the board found that Ms. Sosa acted with intent to mislead the INS when she falsified the SF-86 form. This finding was based on the incomplete and deceptive information she gave to two advisors, her personal lawyer and an FBI agent, from whom she inquired whether her arrest needed to be reported on the form, her failure to check on the status of her arrest record either with her Canadian lawyer or with the Canadian authorities prior to completing the form, and from her less than candid explanation of the circumstances of the incident to her direct supervisor. The supervisor was led to believe that she had not actually been arrested, only that the car was stopped.
 
 
 6
 We are convinced that the board's finding of intent to mislead or deceive the INS is amply supported by substantial evidence in the record. As the board correctly stated "[i]ntent is a state of mind which is generally proven by circumstantial evidence," citing Tucker v. United States, 624 F.2d 1029, 1033 (Ct.Cl.1980). The board considered all of the circumstantial evidence, as well as the credibility of the witnesses' testimony, and properly concluded that Ms. Sosa had intended to falsify her answer on the SF-86 form. In view of the sensitive position she held with the INS in dealing with aliens, the deciding official of the INS and the board adequately considered the Douglas factors, Douglas v. Veterans Administration, 5 M.S.P.R. 280, 305 (1981), in determining that removal was an appropriate penalty. We have considered Ms. Sosa's other arguments and do not find them persuasive.